UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| NATALIA CUELLAR, LUIS CUELLAR, JAVIER CUELLAR and CELINA CUELLAR, on behalf of herself and her minor son, D.C., | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | 18CV5118 |
| The CITY OF OAK FOREST, Illinois, a municipal corporation, and Oak Forest Police Officers Casey Gallagher #161, Adrian O'Donnell #183, David Devries #162, Michael Klappauf #159, Michael Varkalis #167, and Argelio Lopez #107, the VILLAGE OF OAK LAWN, Illinois, a municipal corporation, and Oak Lawn Police Officer Andrew Cimonetti, The CITY OF CALUMET, Illinois a municipal corporation, and Calumet Police Officer Paul Maletich #222, the VILLAGE OF CRESTWOOD, Illinois, a municipal corporation, and Crestwood Police Officer Nicole Passaglia #344, the VILLAGE OF ORLAND PARK, Illinois, a municipal corporation, and Orland Park Police Officer Hank Schoonveld, and the VILLAGE OF TINLEY PARK, Illinois, a municipal corporation, and Tinley Park Police Officers Russell Borrowdale #68 and Roger Davisson #66, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge  Magistrate Judge |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiffs, JAVIER CUELLAR, CELINA CUELLAR, LUIS CUELLAR, NATALIA CUELLAR, and D.C., ("Plaintiffs") by and through their attorneys, make the following complaint against Defendants the CITY OF OAK FOREST, Illinois, the VILLAGE OF CRESTWOOD, Illinois, the VILLAGE OF ORLAND PARK, Illinois, the VILLAGE OF TINLEY PARK, Illinois, the CITY OF CALUMET, Illinois and the VILLAGE OF OAK LAWN, Illinois ("Defendant MUNICIPALITIES"), and Oak Forest police officers CASEY GALLAGHER #161, ADRIAN

O'DONNELL #183, DAVID DEVRIES #162, MICHAEL KLAPPAUF #159, MICHAEL VARKALIS #167, and ARGELIO LOPEZ #107, Crestwood police officer NICOLE PASSAGLIA #344, Orland Park police officer HANK SCHOONVELD #780, Tinley Park police officers RUSSELL BORROWDALE #68 and ROGER DAVISSON #66, Calumet City police officer PAUL MALETICH #222, and Oak Lawn police officer ANDREW CIMONETTI ("Defendant OFFICERS"):

## JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of the Plaintiffs' rights as secured by the United States Constitution and Illinois common law.

2. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1434, and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. Plaintiff JAVIER CUELLAR is 52 and has worked for Metra for approximately 20 years. JAVIER owns his home in Oak Forest, Illinois where he and his family have lived for fourteen years.

5. Plaintiff CELINA CUELLAR is married to JAVIER CUELLAR. She is 51 years old and lives with her husband and family in Oak Forest, Illinois.

6. Plaintiff LUIS CUELLAR, is 33 years old and is the son of JAVIER and CELINA. LUIS CUELLAR is an over-the-road truck driver and when he is in town, he lives with his parents in Oak Forest, Illinois.

7. Plaintiff NATALIA CUELLAR is the daughter of JAVIER and CELINA. NATALIA is 21 years old and she lives with her parents in Oak Forest, Illinois. As of the date of the filing of this

2

complaint, NATALIA has just accepted a position in the operations department of a logistics company.

8. Plaintiff D.C. is a 16 year-old high school student and he is the son of JAVIER and CELINA CUELLAR. D.C. lives with his parents in Oak Forest, Illinois.

9. At all relevant times, Defendant Officers GALLAGHER, O'DONNELL, DEVRIES, KLAPPAUF, VARKALIS, and LOPEZ are or were Oak Forest Police Officers, employed by Defendant CITY OF OAK FOREST, acting under color of law and within the scope of this employment.

10. At all relevant times, Defendant Officer PASSAGLIA is or was a Crestwood Police Officer, employed by Defendant VILLAGE OF CRESTWOOD acting under color of law and within the scope of this employment.

11. At all relevant times, Defendant Officer SCHOONVELD is or was an Orland Park Police Officer, employed by Defendant VILLAGE OF ORLAND PARK, acting under color of law and within the scope of this employment.

12. At all relevant times, Defendant Officers BORROWDALE and DAVISSON are or were Tinley Park Police Officers, employed by Defendant VILLAGE OF TINLEY PARK, acting under color of law and within the scope of their employment.

13. At all relevant times, Defendant Officer MALETICH is or was a Calumet City police officer, employed by Defendant CITY OF CALUMET, acting under color of law and within the scope of this employment.

14. At all relevant times, Defendant Officer CIMONETTI is or was an Oak Lawn police officer, employed by Defendant VILLAGE OF OAK LAWN, acting under color of law and within the scope of this employment.

15. At all relevant times, Defendant OFFICERS were working together as members of the South Suburban Emergency Response Team ("SSERT").

16. Each of the Defendant MUNICIPALITIES are municipal corporations duly incorporated under the laws of the State of Illinois, and were at all relevant times the employers and principals of Defendant OFFICERS. Should the CUELLARS prevail on their claims, Defendant MUNICIPALITIES are liable to Plaintiffs as the principals on Plaintiffs' state law claims pursuant to the doctrine of *respondeat superior*, and must indemnify Defendant OFFICERS on Plaintiffs' federal claims pursuant to 725 ILCS 10/9-102.

**FACTS**

17. On or about September 5 or 6, 2017 three uniformed Oak Forest police officers came to the CUELLAR home looking for JAVIER and CELINA's adult son Cristian Cuellar.

18. NATALIA CUELLAR answered the door and informed the officers that Cristian did not live there and had not lived there for some time.

19. On September 6, 2017 at 9:34 p.m. Defendant GALLAGHER obtained a search warrant authorizing the search of Plaintiffs' home for narcotics and guns and naming Cristian Cuellar as the target of the search warrant.

20. In the early morning hours of September 8, 2017 at 5:30 a.m., Plaintiffs were at home sleeping.

21. At approximately 5:30 a.m. on September 8, 2017, Defendant OFFICERS arrived at the Plaintiffs' home and began to break down the front door.

22. Plaintiff LUIS CUELLAR woke up to loud crashing sounds coming from the front door of the family home.

23. LUIS CUELLAR went towards the front door to see what was happening.

24. Defendant OFFICERS rammed the front door in and knocked it down.

25. Defendant OFFICERS threw a flash grenade inside the Cuellar home that went off near LUIS CUELLAR.

26. Defendant OFFICERS were not wearing police uniforms.

27. Defendant OFFICERS were wearing masks and/or helmets.

28. One or more of Defendant OFFICERS zip-tied LUIS CUELLAR's wrists together.

29. One or more Defendant OFFICERS asked LUIS CUELLAR who was in the house.

30. LUIS CUELLAR told Defendant OFFICERS that himself, NATALIA, D.C., JAVIER, and CELINA CUELLAR were the only people in the house.

31. CELINA and JAVIER CUELLAR were sleeping upstairs when Defendant OFFICERS entered their home.

32. CELINA and JAVIER CUELLAR woke up to the sound of their front door being broken down.

33. Some of Defendant OFFICERS ordered CELINA and JAVIER CUELLAR to get on the floor.

34. Some of Defendant OFFICERS zip-tied CELINA and JAVIER CUELLAR's hands behind their backs.

35. D.C. woke up to Defendant OFFICERS breaking down the door of the basement bedroom where he was sleeping.

36. MALETICH and CIMONETTI grabbed D.C. out of the bed and violently threw him to the ground and jumped on top of him, causing D.C. to hit his face on the floor and causing injuries to D.C.'s lip, face, neck and back.

37. MALETICH and CIMONETTI zip-tied D.C.'s hands behind his back and knelt on his back while D.C. was lying on his stomach.

38. NATALIA CUELLAR was sleeping in her underwear and woke up to some Defendant OFFICERS coming in her room.

39. All of the Defendant OFFICERS in NATALIA CUELLAR's room were male.

40. NATALIA CUELLAR tried to cover herself with her blanket but one of the Defendant OFFICERS pulled the blanket off of her.

41. Defendant OFFICERS zip-tied NATALIA CUELLAR's hands behind her back while she was in her underwear.

42. Defendant OFFICERS made CELINA, JAVIER, NATALIA, LUIS, and D.C. CUELLAR sit in their living room with their hands zip-tied behind their backs, while Defendant OFFICERS searched their entire home and garage.

43. Defendant OFFICERS ransacked the CUELLAR family's home, causing disarray and property damage.

44. Defendant OFFICERS broke the CUELLAR family's gate and front door and the bed that D.C. had been sleeping in.

45. On September 8, 2017, none of the Defendant OFFICERS ever asked any of the CUELLARS anything about Cristian Cuellar.

46. After searching Plaintiffs' home for two and a half hours, Defendant OFFICERS left without arresting anyone.

47. From the time Defendant OFFICERS entered the Plaintiffs' home until the time Defendant OFFICERS left, Plaintiffs were not free to leave.

48. On October 5, 2017, Plaintiffs' counsel served Freedom of Information Act requests for police reports and other evidence related to the September 8, 2017 incidents at their home upon the Oak Forest Police Department.

49. On October 16, 2017, Defendant Oak Forest Police Officers MALETICH and CIMONETTI had D.C. arrested for aggravated battery and resisting arrest.

50. The Cook County State's Attorneys' Office did not file any charges against D.C.

## COUNT I
(42 U.S.C. § 1983 –Unreasonable Search and Seizure)

51. Each of the foregoing paragraphs is incorporated as if fully restated here.

52. As described above, the manner and scope of the search and seizure of Plaintiffs' home and persons was unreasonable in violation of the Fourth Amendment to the United States Constitution.

53. One or more of the Defendant OFFICERS was aware of the misconduct of his fellow Defendant OFFICERS, had a reasonable opportunity to intervene to prevent it, but failed to do so.

54. As a direct and proximate result of this unlawful seizure and failure to intervene, Plaintiffs suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate them for their damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
(42 U.S.C. § 1983 – False Arrest)

55. Each of the foregoing paragraphs is incorporated as if fully restated here.

56. As described above, Defendant Officers MALETICH and CIMONETTI arrested D.C., or caused him to be arrested, without probable cause or any other legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.

57. As a direct and proximate result of this illegal arrest, D.C. suffered a loss of liberty and other damages, which will be proven at trial.

**WHEREFORE**, D.C. prays for a judgment against Defendant Officers MALETICH and CIMONETTI in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT III
(42 U.S.C. § 1983 – Excessive Force)

58. Each of the foregoing paragraphs is incorporated as if fully restated here.

59. As described above, the intentional conduct of Defendant Officers MALETICH and CIMONETTI towards D.C. was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

60. One or more of the Defendant OFFICERS was aware of the misconduct of his fellow Defendant OFFICERS, had a reasonable opportunity to intervene to prevent it, but failed to do so.

61. As a direct and proximate result of this excessive force and failure to intervene, D.C. suffered damages, which will be proven at trial.

**WHEREFORE**, D.C. prays for a judgment against Defendant Officers MALETICH and CIMONETTI in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT IV
(Illinois Battery)

62. Each of the preceding paragraphs is incorporated as if fully restated here.

63. As described above, Defendant Officers MALETICH and CIMONETTI willfully and wantonly and without legal justification used physical force upon D.C.

64. As a direct and proximate result of Defendant OFFICERS' intentional misconduct, D.C. suffered damages, which will be proven at trial.

**WHEREFORE**, D.C. prays for a judgment against Defendant Officers MALETICH and CIMONETTI in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully submitted,

JAVIER CUELLAR, CELINA CUELLAR, LUIS CUELLAR, NATALIA CUELLAR, and D.C., Plaintiffs,

By: /s Torreya L. Hamilton
    Attorney for Plaintiffs

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397